PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

for the

### DISTRICT OF HAWAII



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 10 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CHRIS H. TRAN                    Case Number: CR 02-00072DAE-03

Name of Sentencing Judicial Officer:   The Honorable Edward F. Shea
                                        U.S. District Judge

Date of Original Sentence: 7/14/2003

Original Offense: Count 1: Conspiracy to Possess With Intent to Distribute 5 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class B felony.

Original Sentence: The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of thirty-seven (37) months to be followed by four (4) years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. In addition, the defendant is to execute any documents allowing reciprocating information between the parties; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; and 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office. If participation in a mental health program is indicated, the defendant is to execute any documents allowing reciprocating information between the parties.

Revocation: On 8/2/2005, the Court revoked the offender's supervised release for the following violations: 1) Positive urine specimens for methamphetamine and cocaine; 2) Admitted use of Ecstasy, cocaine, and marijuana; and 3) Failure to participate in substance abuse treatment.

The offender was sentenced to twelve (12) months and one (1) day of imprisonment to be followed by thirty (30) months of supervised release with the following special conditions: 1) Defendant shall

Prob 12B
(7/93)

2

participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant serve up to 180 days community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved by the Probation Office; and 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

<u>Type of Supervision: Supervised Release     Date Supervision Commenced: 6/9/2006</u>

### PETITIONING THE COURT

[X]  To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

**Special Condition No. 4:** That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Prob 12B
(7/93)

3

# CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | On 4/28/2007, the offender committed a State of Hawaii crime, to wit, Disorderly Conduct, in violation of Hawaii Revised Statutes § 711-1101. |

On 4/30/2007, during the course of an unannounced home visit, the offender notified this officer that he was arrested by the Honolulu Police Department (HPD) on 4/28/2007 for Disorderly Conduct. He stated that he was "riding his bike (motorcycle) by a night club near Ala Moana Shopping Center" and a "guy jumped out and punched me." The offender said the male attacker accused him of "banging his girlfriend." The offender reported that he pulled out his bike chain to defend himself, but did not strike the attacker. At that point HPD arrived, the attacker ran, and the offender was arrested for Disorderly Conduct, in violation of Hawaii Revised Statutes § 711-1101, a petty misdemeanor.

A review of the police report indicated that on 4/28/2007, at 0146 hours, HPD officers were dispatched to an undisclosed nightclub near Piikoi Street. Upon their arrival, they observed approximately seventy-five (75) people gathered in the streets. An officer exited his vehicle and observed the offender shouting loudly to a person behind the officer. The offender was holding a large link metal chain that was wrapped around his right fist. The officer believed that the offender meant to use it as a weapon and subsequently instructed the offender to drop the chain and to stop yelling. The offender continued to yell and, as a result, officers pushed the offender and told him to calm down. In response, the offender attempted to "shoulder" his way past the officer and was still shouting loudly at someone in the crowd. The officer indicated in the report that he felt that if the offender was not arrested, he would assault someone.

The offender was arrested for Disorderly Conduct. Upon his arrest, he admitted that he had been drinking that night and had gotten into an argument with several males from Waimanalo. The offender also notified officers that he was on supervision for drug distribution.

On 5/25/2007, when questioned again about the arrest, the offender stated that he was acting in self-defense as a guy came up and punched him while he was at a stoplight. When informed of the information contained in the police report, the offender stated that "the cop is lying" and denied that he had tried to push the police officer. He also denied his admission of drinking.

On 7/16/2007, the offender pled guilty to the aforementioned charge and was convicted of Disorderly Conduct. He was sentenced to pay a fine of $150.00.

With respect to his supervision adjustment, although the offender was able to maintain employment for one year with Associated Steel Workers, Limited, he was

Prob 12B
(7/93)

4

recently released from this position due to lack of work as well as his own poor attendance. The offender remains enrolled in the Iron Worker's Union Local 625 apprenticeship program and has been instructed to seek alternative job placement through the union.

The proposed modification for home confinement with electronic monitoring will address the violation in such a manner as to allow the Probation Office to monitor and restrict the offender's activities while still affording him the opportunity to work and participate in the apprenticeship training program. The offender was verbally admonished for the aforementioned violation and has been warned that future noncompliance will likely result in a request for revocation proceedings.

Also at this time, we are requesting that the Court modify the General Condition so that the Probation Office can conduct random drug testing at the rate of up to eight (8) tests per month. This schedule will allow the Probation Officer to fashion random drug testing designed to detect drug use while not allowing the offender to predict the test dates. The offender has an extensive substance abuse history and numerous failed attempts at rehabilitation. According to the Presentence Report, at the age of twelve (12), the offender was introduced to marijuana, methamphetamine, and crack cocaine. By the time the offender was fourteen (14) years old, he was using methamphetamine and crack cocaine on a weekly basis and began to experiment with glue. By the age of seventeen (17), methamphetamine and crack cocaine had become a daily habit and at the age of eighteen (18), he began using Ecstacy two to three times per week in addition to using methamphetamine on a daily basis.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

Sydney L. Fleming

SYDNEY L. FLEMING
U.S. Probation Officer


Approved by:

Timoth M.

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12B
(7/93)

5

Date: 7/24/2007

---

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

_____
DAVID ALAN EZRA
U.S. District Judge

8/9/07
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

  *General Condition:*   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

  *Special Condition 4:*   That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _Sydney L. Fleming_
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: _Chris H. Tran_
CHRIS H. TRAN
Supervised Releasee

7-10-07
Date